KELLY, Circuit Judge,
dissenting.
The district court found that the evidence in this case, viewed in the light most favorable to Saylor, demonstrated a genuine dispute as to the facts relevant to qualified immunity. I agree with the district court that the evidence presented by Saylor, though not dispositive as to the merits of his claim, precludes summary judgment on the basis of qualified immunity-
In Saylor’s previous state tort lawsuit, the state court found that the Department of Corrections had negligently failed to provide adequate care for Saylor’s PTSD between June 11, 2002, and November 22, 2005. As the district court noted, the defendants presented no evidence suggesting that they were unaware of the prior state court judgment. For the purposes of the summary judgment analysis, there is no genuine dispute that all the defendants were actually aware of Saylor’s serious medical needs and the risk of harm if he were denied adequate care. The district court found that Saylor had produced evidence-including his treatment records, his communications with prison staff, records of his transfer and administrative segregation, the affidavit of Dr. Christensen, and his own affidavit — to support his contention .that the Department of Corrections had reverted to providing inadequate medical treatment as they had previously. This evidence, viewed in the light most favorable to Saylor, tends to show that shortly after the judgment in his state tort case, Saylor’s treatment by Dr. Christensen was abruptly discontinued; his treatment plan, including his drug therapy, was interrupted; the responsible Department of Corrections officials failed to develop an appropriate alternative treatment plan; prison staff returned to their prior practice of failing to respond or responding inadequately to Saylor’s communications; and Saylor was transferred and placed on the most restrictive confinement classification possible, despite that classification’s incompatibility with his health needs. The evidence does not establish that Saylor caused or consented to the changes to his treatment, or that Saylor’s transfer and placement in the Special Management Unit were necessary and consistent with an adequate treatment plan. Moreover, the district court found that there was sufficient evidence of each defendant’s involvement in Saylor’s care to establish that they may have been personally aware of or involved in this allegedly unconstitutional treatment.
The district court’s factual findings, rather than being “blatantly contradicted by the record,” are well supported and reflect careful consideration of the record evidence in the light most favorable to *648 Saylor. Walton, 752 F.3d at 1116. Based on these findings, it would be possible to conclude that the defendants “actually knew of, and [were] deliberately indifferent to or tacitly authorized” constitutionally deficient medical care for Saylor. McDowell, 990 F.2d at 435. The facts relevant, to qualified immunity are genuinely disputed, precluding summary judgment on this basis. I would therefore affirm the district court’s denial of summary judgment as to Saylor’s Eighth Amendment deliberate indifference claim.
With regard to Saylor’s First and Fourteenth Amendment claims, the district court did not make any factual determinations or conduct the required “thorough determination” of the defendants’ entitlement to qualified immunity. . See Payne, 749 F.3d at 701 (quoting O’Neil, 496 F.3d at 918). Without the district court’s factual findings, we have no basis for our review of the grant or denial of qualified immunity. Therefore, when the district court fails or refuses to rule on qualified immunity, “our court only exercises its jurisdiction to compel the district court to decide the qualified immunity question.” Id. I would remand Saylor’s First and Fourteenth Amendment claims to the district court for it to properly conduct the qualified immunity analysis.